Austin J. James v. Commissioner.
James v. Commissioner
Docket No. 25375.
United States Tax Court
1951 Tax Ct. Memo LEXIS 231; 10 T.C.M. (CCH) 440; T.C.M. (RIA) 51141; May 14, 1951
*231 Austin J. James, pro se. John L. King, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Petitioner contests respondent's disallowance of a claimed deduction of $395 representing the value of a watch, an oil portrait of petitioner, and articles of clothing lost by theft. The amount of $125 claimed for the watch was abandoned at the hearing. [The Facts] Petitioner, a resident of New York, New York, filed his income tax return for 1945 with the collector of internal revenue at Detroit, Michigan. In 1940 petitioner was the owner of one hundred neckties which he valued at $250 and an oil painting of himself painted as a gift by a friend who generally charged a fee of $125 for doing portraits. Petitioner valued the painting at $20 which was the worth of the frame. These articles were left by petitioner in 1940 at the home of his grandmother in Waterloo, Illinois, a small town twenty-five miles from St. Louis. The ties were placed "on a rack in the closet" and the portrait presumably was also placed in the grandmother's closet. The articles were left with the grandmother because petitioner had gone to Detroit to work *232 during the war. Petitioner's grandmother had a number of people staying with her including petitioner's sister. In 1945 the grandmother died and petitioner went to Waterloo to pick up his belongings in February of that year. On his return to Detroit he found he had overlooked the ties and the painting and he wrote to an aunt in St. Louis requesting her to send them to him. The aunt wrote petitioner a letter stating that his sister had stolen the picture and the ties. Petitioner was not on good terms with his sister. There had been some dispute between them about the division of the family property. Petitioner made no attempt to communicate with his sister about the missing articles and does not actually know whether she took them or might still be holding them for him. Petitioner made no report of the alleged theft to the police because Waterloo had only one policeman and because of the nature of the case petitioner had no desire to bring charges against anyone. [Opinion] On these facts, we are unable to find that petitioner has sustained a loss by theft. We thoroughly appreciate the difficulty of producing absolute evidence of theft. Nevertheless, the burden is on petitioner *233 to offer convincing proof of that fact. Here the only proof offered was the hearsay statement made by petitioner's aunt that his sister had stolen the articles. No attempt whatever has been made to verify this charge. The most that petitioner has proved is that the articles are no longer where he left them in 1940. This is far short of proof of theft. Respondent's determination is approved. Decision will be entered for the respondent.